IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-2506-WJM-STV

SEAN A. FOWLER,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE*

In this employment discrimination action, Plaintiff Sean A. Fowler brings the following claims against Defendant Regional Transportation District ("Defendant" or "RTD"): a failure-to-hire claim arising out of a November 2016 employment decision in which Defendant promoted Srimathi Badri over Plaintiff and a retaliation claim arising out of Ms. Badri's alleged withholding of assignments from Plaintiff.  (*See* ECF No. 52.)

This matter is before the Court on Plaintiff's Motion *in Limine* ("Motion"), filed August 13, 2021.  (ECF No. 60.)  Defendant responded on August 27, 2021.  (ECF No. 64.)  Familiarity with the parties' respective versions of events, recounted elsewhere (*see, e.g.*, ECF No. 42), is presumed.

For the reasons explained below, the Motion is denied.

### I.  LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ."  *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994);

*see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 404(a)(3) provides that "[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609." Likewise, Rule 607 provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility."

## II.  ANALYSIS

In the Motion, Plaintiff seeks to preclude Defendant from introducing at trial: (1) an April 19, 2019 e-mail from Plaintiff with the subject "re: I don't think I can give this one to her"; and (2) any testimony at trial relating to the circumstances leading to Plaintiff's May 2019 resignation following an investigation into Plaintiff's alleged "misuse of RTD Information Systems." (ECF No. 60 at 1–2.) In this e-mail, Plaintiff shared a YouTube video entitled "It's Mothaf---n' Ramadan Charlie Brown," which contains a description stating "It's New Year's Eve in the hood and Charlie Brown insists on celebrating Ramadan in this controversial classic. Graphic Language, NSFW, NSFT

(Not safe for terrorists)."  (ECF No. 60-1; ECF No. 64 at 1.)

According to Plaintiff,

> Plaintiff's motivation in pursuing his claims of discrimination and retaliation is entirely irrelevant to any matter to be tried in this case.  RTD cannot validly attempt to attack Plaintiff's character or credibility for complaining about an employment decision that involved the promotion of an Asian Indian woman by an Asian Indian supervisor with a history of hiring and promoting a disproportionate number of Asian employees and contractors at RTD, by pointing to offensive e[-]mail content that he forwarded 2.5 years later.

(ECF No. 60 at 4.)  He further argues that these events occurred well after the relevant time period in this case and points out that "the holiday to which the e[-]mail relates (Ramadan) is neither Indian nor Hindu."  (*Id.* at 5.)  As such, he argues that the April 19, 2019 e-mail, as well as the testimony relating to the circumstances leading to his May 2019 resignation, should be excluded as irrelevant pursuant to Rule 402.  He also contends that the evidence should be excluded under Rule 403 because any probative value of this evidence is outweighed by the danger of unfair prejudice, confusing the issues and/or misleading the jury, wasting time, and/or presenting cumulative evidence.  (*Id.* at 4, 6.)

Defendant responds that the proposed evidence is "highly relevant" and admissible under Federal Rules of Evidence 404(a)(3) and 607 because it tends to show that Plaintiff's accusations of racial bias are tainted by his individual biases.  (ECF No. 64 at 2, 4.)  It argues that because Plaintiff is claiming that "he, as a member of a racial majority, was discriminated against by a non-white hiring manager simply because he hired a non-white candidate over a white candidate[,] [e]vidence that demonstrates Plaintiff's bias or prejudice towards non-whites is relevant for the jury's

consideration of Plaintiff's credibility and reliability as the key witness." (*Id.* at 5.) The Court agrees.

While the April 19, 2019 e-mail and the circumstances surrounding Plaintiff's May 2019 resignation do not directly prove or disprove Plaintiff's failure-to-hire and retaliation claims, the Court nonetheless finds that the evidence is admissible as impeachment evidence of Plaintiff's potential bias against minority groups. *See United States v. Abel*, 469 U.S. 45, 52 (1984) (recognizing that "proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony"); *see also United States v. Baldridge*, 559 F.3d 1126, 1135 (10th Cir. 2009) (recognizing it is "permissible impeachment to expose a witness's bias"); *Montoya v. City of Albuquerque,* 2004 WL 3426435, at *4 (D.N.M. May 18, 2004) ("it is permissible to [prove bias] by extrinsic evidence"). Thus, while Plaintiff would understandably prefer that the jury not be aware of the troubling matters which are the subject of his Motion, the Federal Rules of Evidence do not provide him with a legal basis to accomplish this goal.

Accordingly, the Motion is denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion *in Limine* (ECF No. 60) is DENIED.

Dated this 4th day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge